PROB 12A
(Revised 05/2011)

# United States District Court
for
## Middle District of Tennessee
### Report on Offender Under Supervision

Name of Offender: <u>Jacob David Lautt</u>   Case Number: <u>3:10-00107-01</u>

Name of Sentencing Judicial Officer: <u>Honorable Robert T. Benitez, U.S. District Judge, SDCA</u>

Name of Current Judicial Officer: <u>Honorable Aleta A. Trauger, U.S. District Judge</u>

Date of Original Sentence: <u>March 2, 2009</u>

Original Offense: <u>21 U.S.C. § 952 and 960, Importation of Marijuana and Aiding and Abetting</u>

Original Sentence: <u>33 months' custody and five years' supervised release</u>

Type of Supervision: <u>Supervised release</u>   Date Supervision Commenced: <u>April 14, 2009</u>

Assistant U.S. Attorney: <u>To be determined</u>   Defense Attorney: <u>To be determined</u>

---

The Court orders:

☒ No Action Necessary at this Time
☐ Submit a Request for Modifying the Condition or Term of Supervision
☐ Submit a Request for Warrant or Summons
☐ Other

Considered this 22nd day of Sept, 2013,
and made a part of the records in the above case.

*(signed)* Aleta A. Trauger
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

*(signed)* Brad Bartels
U.S. Probation Officer

Place   Cookeville

Date    September 18, 2013

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|

**1.**   **The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.**

On September 5, 2013, Mr. Lautt failed to submit his Monthly Supervision Report (MSR) as required by the probation officer. On September 11, 2013, the probation officer attempted to call Mr. Lautt at his residence, but the phone number had been disconnected. The probation officer called Mr. Lautt's personal cell phone and left a voice mail instructing Mr. Lautt to report to the office of the probation officer at 8:00 a.m., on September 12, 2013. The probation officer continued his efforts to contact Mr. Lautt by phone, but was unsuccessful. A letter was mailed to Mr. Lautt stressing the importance of contacting the probation officer immediately upon receipt of the letter.

On September 12, 2013, Mr. Lautt called the probation officer and left a voice mail indicating his number had changed. He provided the new phone number. Later that same day, the probation officer called Mr. Lautt, but no one answered and a voice mail was left.

On September 16, 2013, the probation officer called Mr. Lautt and scheduled a meeting at the office. Mr. Lautt reported as scheduled and the probation officer verbally reprimanded him and re-instructed Mr. Lautt regarding the importance of completing his MSR in a timely manner. Mr. Lautt was reminded that he must update the probation officer when his contact information changes.

**2.**   **The defendant shall participate in a program of drug or alcohol abuse treatment, including urinalysis testing and counseling, as directed by the probation officer.**

On August 22, 2013, the probation officer received an email from Mr. Lautt's substance abuse counselor at Plateau Mental Health, Nathan Miller. Mr. Miller reported that Mr. Lautt failed to arrive for his appointment on July 30, 2013. Mr. Lautt had not attended a treatment session since July 19, 2013.

Later that same day, August 22, 2013, Mr. Lautt reported to the office for a random drug test. Mr. Lautt is on a random drug testing program that requires him to call each day to assess the need to report for a drug test. While at the office, the probation officer discussed the importance of attending substance abuse treatment with Mr. Lautt. Mr. Lautt told the probation officer he had either forgotten about his appointments or canceled them for work purposes. The probation officer verbally reprimanded Mr. Lautt and re-instructed him to actively participate in his substance abuse treatment. The probation officer required Mr. Lautt to call Mr. Miller while in his presence to schedule his treatment sessions. Mr. Miller was unavailable, but Mr. Lautt left a voice mail.

On August 26, 2013, the probation officer made personal contact with Mr. Lautt at his residence. Mr. Lautt told the probation officer he had received a call from

Mr. Miller attempting to schedule appointments for substance abuse treatment, but Mr. Miller was unable to work around Mr. Lautt's schedule at that time. Mr. Lautt admitted he did not return Mr. Miller's call and had no excuse for not calling him back. The probation officer verbally reprimanded Mr. Lautt and instructed him to contact Mr. Miller immediately to schedule treatment sessions for a time when Mr. Miller was available.

On August 27, 2013, the probation officer received an email from Mr. Miller who reported Mr. Lautt was scheduled for a treatment session on August 29, 2013. On August 30, 2013, Mr. Miller emailed the probation officer and stated Mr. Lautt canceled his appointment due to conflicts with his work schedule. As a result of the late cancellation, Mr. Miller was unable to reschedule Mr. Lautt.

The probation officer planned to address Mr. Lautt's noncompliance with substance abuse treatment when he reported for a random drug screen on September 10, 2013, but Mr. Lautt failed to report. As noted in the violation listed above, the probation officer was unsuccessful in contacting Mr. Lautt until September 16, 2013.

On September 16, 2013, Mr. Lautt reported as scheduled and was drug tested. The results were negative for illegal drug use. During the meeting, Mr. Lautt admitted he had not participated in substance abuse treatment since July 19, 2013. Mr. Lautt informed the probation officer that his life at home had become stressful, but he had no excuse for missing treatment. The probation officer verbally reprimanded Mr. Lautt and directed him to be more responsible for his participation in substance abuse treatment. The probation officer instructed Mr. Lautt to comply with the conditions of supervision and to attend treatment on a regular basis. Mr. Lautt was told to contact Plateau Mental Health immediately to schedule treatment and provide them with current contact information. Mr. Lautt was reminded that failure to comply with the terms of supervised release may result in a request for a hearing before the Court and possible recommendation for revocation.

**Compliance with Supervision Conditions and Prior Interventions:**
Jacob Lautt began his term of supervised release on August 14, 2009, and is due to expire on August 13, 2014. He currently resides with his wife and children in Monterey, Tennessee, and is employed by Stonepeak Ceramics in Crossville, Tennessee. Mr. Lautt was referred to Plateau Mental Health Center in Cookeville, Tennessee, in August 2009. He participated in recommended outpatient treatment and was successfully discharged in June 2010.

On April 15, 2013, Mr. Lautt obtained a new criminal charge for Driving Under the Influence (DUI). As a result, on April 26, 2013, the Court modified Mr. Lautt's conditions of supervision and ordered him to abstain from the use of alcohol and/or all intoxicants during the term of his supervised release. In addition to the modification of supervision, Mr. Lautt was referred back to Plateau Mental Health Center for outpatient substance abuse treatment, but he has failed to report for any treatment since July 19, 2013. Mr. Lautt's next court appearance for the DUI charge is scheduled for November 12, 2013, and the probation officer will notify the Court of the disposition.

Following his recent attitude towards conditions of supervised release, Mr. Lautt was given a verbal reprimand and re-instructed to participate in treatment. Mr. Lautt was also given a verbal reprimand for his forgetful behavior and instructed to be more responsible. Mr. Lautt understands that failure to participate in substance abuse treatment and failure to appear for drug tests may result in a request for a hearing before the Court and possible recommendation for revocation.

**U.S. Probation Officer Recommendation:**
The probation officer is requesting that no additional action be taken by the Court at this time. It is recommended that Mr. Lautt remain on supervised release, participate in substance abuse treatment at Plateau Mental Health, and not incur any future violations. The United States Attorney's Office has been notified of these alleged violations and concurs with the recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation officer